IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES,                          3:11-CR-00412-BR

        Plaintiff,                    AMENDED
                                        OPINION AND ORDER

v.

JULIAN ALARCON CASTANEDA,

        Defendant.


**BILLY J. WILLIAMS**
United States Attorney
**KATHLEEN LOUISE BICKERS**
**THOMAS H. EDMONDS**
Assistant United States Attorneys
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

**JEFFREY S. SWEET**
Assistant United States Attorney
405 E. Eighth Avenue
Suite 2400
Eugene, OR 97401
(541) 465-6903

        Attorneys for Plaintiff


1 - AMENDED OPINION AND ORDER

**LISA C. HAY**
Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

**BRYAN E. LESSLEY**
Assistant Federal Defender
859 Willamette Street
Suite 200
Eugene, OR 97401
(541) 465-6937

      Attorneys for Defendant

**BROWN, Judge.**

      This matter comes before the Court on Defendant Julian
Alarcon Castaneda's Motion (#154) for Reduction of Sentence
Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 782.  For
the reasons that follow, the Court **DENIES** Defendant's Motion but
**GRANTS** a certificate of appealability.


<u>BACKGROUND</u>

      On October 13, 2011, Defendant Julian Alarcon Castaneda was
charged in an Indictment with one count of Conspiracy to Possess
with Intent to Distribute Heroin and Cocaine, one count of
Possession with Intent to Distribute Heroin, seven counts of
Possession of a Firearm for Drug Trafficking, and one count of
Possession of Firearms by an Illegal Alien.


2 – AMENDED OPINION AND ORDER

On January 8, 2013, Defendant entered into a Plea Agreement
in which he pled guilty to Conspiring to Distribute Heroin in
violation of 21 U.S.C. §§ 841 and 846. In the Plea Agreement
Defendant and the government agreed to a base offense level of 34
under the then-existing Drug Quantity Table set out in United
States Sentencing Guidelines (U.S.S.G.) § 2D1.1(c). The parties
agreed to an upward adjustment of two levels because of the
presence of a firearm and an additional upward adjustment of two
levels because Defendant was an organizer or leader. The parties
also agreed to recommend a three-level downward adjustment under
U.S.S.G. § 3E1.1 for acceptance of responsibility for a total
offense level of 35. In light of "all considerations of this
agreement," the parties agreed to a sentence of 121 months.

The May 6, 2013, Presentence Report (PSR) recommended a base
offense level of 34 plus a two-level enhancement for possession
of a dangerous weapon and a two-level enhancement for Defendant's
leadership role for an adjusted offense level of 38. The PSR
also recommended a two-level reduction for acceptance of
responsibility and an additional one-level reduction for
assisting authorities in the investigation or prosecution of
Defendant's misconduct for a total offense level of 35. At
Criminal History Category II, the advisory guideline range was
188-235 months.

On August 6, 2013, the Court, consistent with the parties'

3 - AMENDED OPINION AND ORDER

recommendations, varied Defendant's sentence downward from the 188-235 range and sentenced Defendant to 121 months imprisonment.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified U.S.S.G. § 2D1.1 to lower the sentencing range for certain categories of drug-related offenses. The Sentencing Commission also adopted Amendment 788 effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date.

On May 4, 2015, Defendant filed a Motion to Reduce Sentence based on Amendment 782. The Court heard oral argument on Defendant's Motion on December 22, 2015, and took the matter under advisement that day.

## DISCUSSION

Pursuant to Amendment 782 Defendant seeks a reduction in his sentence to 120 months.[1] The parties do not dispute Defendant's advisory guideline range under Amendment 782 would be 151-188 months or that the 121-month sentence Defendant originally received is below that amended range. The government, however, asserts any further reduction of Defendant's sentence would

---

[1] Defendant concedes the maximum possible reduction of sentence to which Defendant could be entitled is one month because his conviction is subject to a ten-year mandatory minimum sentence.

4 - AMENDED OPINION AND ORDER

violate the policy set out in U.S.S.G. § 1B1.10(b)(2)(A) and
would exceed the Court's authority to modify a sentence under 18
U.S.C. § 3582(c)

Defendant, in turn, argues he is entitled to a further one-
month reduction in his sentence notwithstanding § 1B1.10(b)(2)(A)
because application of § 1B1.10(b)(2)(A) to his sentence would
(1) create an "irreconcilable conflict" with 8 U.S.C. § 991, the
implementing regulation and (2) violate the Equal Protection
Clause.  Defendant also asserts the doctrine of constitutional
avoidance requires the Court to interpret § 1B1.10 to avoid
constitutional concerns.

## I.    Sentence Modification Authority

"A federal court generally 'may not modify a term of
imprisonment once it has been imposed.'"  *Dillon v. United
States*, 560 U.S. 817, 819 (2010)(quoting 18 U.S.C. § 3582(c)).
"Congress has provided an exception to that rule 'in the case of
a defendant who has been sentenced to a term of imprisonment
based on a sentencing range that has subsequently been lowered by
the Sentencing Commission.'"  *Dillon*, 560 U.S. at 819 (quoting
§ 3582(c)(2)).

As noted, effective November 1, 2014, the Sentencing
Commission modified § 2D1.1 to lower the sentencing range for
certain categories of drug-related offenses, and the Commission
authorized retroactive application of Amendment 782 to defendants

5 - AMENDED OPINION AND ORDER

sentenced before its effective date.

When the Sentencing Commission lowers a sentencing range as
it did with Amendment 782, 18 U.S.C. § 3582(c)(2) authorizes a
court to reduce a defendant's term of imprisonment only after the
court finds such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission.  The court must
then determine whether the sentence should be reduced based on
factors set out in 18 U.S.C. § 3553(a).  *Dillon*, 560 U.S. at 826.

The Sentencing Commission policy statement at issue here is
U.S.S.G. § 1B1.10, which provides in pertinent part:

> (b)  Determination of Reduction in Term of
> Imprisonment.--
>
> > (1)  In General.--In determining whether, and
> > to what extent, a reduction in the
> > defendant's term of imprisonment under 18
> > U.S.C. 3582(c)(2) and this policy statement
> > is warranted, the court shall determine the
> > amended guideline range that would have been
> > applicable to the defendant if the
> > amendment(s) to the guidelines . . . had been
> > in effect at the time the defendant was
> > sentenced.  In making such determination, the
> > court shall substitute only the amendments
> > listed in subsection (d) for the
> > corresponding guideline provisions that were
> > applied when the defendant was sentenced and
> > shall leave all other guideline application
> > decisions unaffected.
> >
> > (2)  Limitation and Prohibition on Extent of
> > Reduction.--
> >
> > > (A) Limitation.-- . . . the court shall
> > > not reduce the defendant's term of
> > > imprisonment . . . to a term that is
> > > *less than the minimum of the amended
> > > guideline range* determined under

6 - AMENDED OPINION AND ORDER

> subdivision (1) of this subsection.
>
> (B)  Exception for Substantial
> Assistance.--If the term of imprisonment
> imposed was less than the term of
> imprisonment provided by the guideline
> range applicable to the defendant at the
> time of sentencing pursuant to a
> government motion to reflect the
> defendant's substantial assistance to
> authorities, a reduction comparably less
> than the amended guideline range
> determined under subdivision (1) of this
> subsection may be appropriate.

Emphasis added.  Application Note 1(A) explains in pertinent

part:

> Eligibility for consideration under 18 U.S.C.
> 3582(c)(2) is triggered only by an amendment
> listed in subsection (d) that lowers the
> applicable guideline range (*i.e.*, the guideline
> range that corresponds to the offense level and
> criminal history category determined pursuant to
> 1B1.1(a), which is determined before consideration
> of any departure provision in the Guidelines
> Manual or any variance).  Accordingly, a reduction
> in the defendant's term of imprisonment is not
> authorized under 18 U.S.C. 3582(c)(2) and is not
> consistent with this policy statement if: . . .
> (ii) an amendment listed in subsection (d)
> is applicable to the defendant but the amendment does
> not have the effect of lowering the defendant's
> applicable guideline range.

## II.  Departures and variances are not "guideline application decisions" and are not included in the "amended guideline range."

As noted, when the court considers a sentence modification

pursuant to a retroactive change in the Sentencing Guidelines,

§ 1B1.10(b)(1) provides the changed provision is incorporated and

"all other guideline application decisions" must remain

7 - AMENDED OPINION AND ORDER

unaffected.  Although Defendant does not explicitly raise the
issue, Defendant implicitly asserts variances and departures are
"guideline application decisions" that must remain unaffected.
According to Defendant, therefore, variances and noncooperation
departures should be included in calculating the "amended
guideline range."

For the reasons stated on the record at oral argument and
set out by Judge Michael Simon in *United States v. Gorgatenko*,
3:10-CR-00396-SI, the Court concludes the terms "guideline
application decision" and "amended guideline range" are not
ambiguous with respect to the inclusion of departures and
variances when the Court considers the text of § 1B1.10, its
application notes, the text of the previous version of § 1B1.10,
and applicable case law.  Considering these sources together, the
Court concludes § 1B1.10 unambiguously does not include
departures and variances in the amended guideline range.

## III. Application of § 1B1.10(b)(2)(A) does not violate the implementing regulation.

Defendant asserts application of § 1B1.10(b)(2)(A) under the
circumstances of his case would create an "irreconcilable
conflict" with 28 U.S.C. § 991(b), the implementing regulation,
if the Court concludes § 1B1.10 does not include departures and
variances.  Specifically, § 991(b) mandates in pertinent part
that one of the purposes of the United States Sentencing
Commission is to avoid "unwarranted sentencing disparities among

8 - AMENDED OPINION AND ORDER

defendants with similar records who have been found guilty of similar criminal conduct." 28 U.S.C. § 991(b)(1)(B). Defendant asserts an interpretation of § 1B1.10 that permits courts to grant sentence reductions to people who did not receive variances and noncooperation departures and requires courts to deny reductions to people who received such variances and departures would nullify the sentencing determinations previously made by the sentencing court and create unwarranted disparities.

For the reasons set out by the Court at oral argument; explained by Judge Simon in *Gorgatenko*; and further explained by the court in *United States v. Rodriguez*, No. 12cr1121-LAB, 2015 WL 4235363 (S.D. Cal. July 8, 2015), this Court concludes the limitation in § 1B1.10(b)(2)(A) that precludes consideration of variances and noncooperation departures in the context of a sentence modification under 18 U.S.C. § 3582(c) does not conflict with 18 U.S.C. § 991(b).

## IV. Application of § 1B1.10(b)(2)(A) does not violate the Equal Protection Clause.

To the extent that the Court concludes § 1B1.10(b)(2) prohibits courts from reducing sentences based on previously-imposed variances and noncooperation departures, Defendant also asserts application of § 1B1.10(b)(2)(A) to Defendant's case violates his right to equal protection.

### A. The rational-basis test applies.

"'The liberty protected by the Fifth Amendment's Due

9 - AMENDED OPINION AND ORDER

Process Clause contains within it the prohibition against denying
to any person the equal protection of the laws.'"  *Novak v.
United States*, 795 F.3d 1012, 1023 (9th Cir. 2015)(quoting *United
States v. Windsor*, 133 S. Ct. 2675, 2695 (2013)).

          Defendant, however, does not assert he is a member of a
suspect class.  In addition, Defendant cannot establish he is
being deprived of a fundamental right because a defendant does
not have a constitutional right to a sentence reduction based on
subsequent guideline amendments.  *See Dillon*, 560 U.S. at 827-28
(§ 3582 is a "narrow exception to the rule of finality," and
sentencing modification proceedings under that statute "are not
constitutionally compelled.").  The Court, therefore, concludes
Defendant's equal-protection challenge to § 1B1.10(b) is subject
to a rational-basis review.  *See, e.g., United States v. Johnson*,
626 F.3d 1085, 1088 (9th Cir. 2010)("We apply the rational basis
standard of review to Equal Protection challenges to the
Sentencing Guidelines based on a comparison of allegedly
disparate sentences.").

          Under rational-basis review the challenged
classification "must be upheld against equal protection challenge
'if there is *any reasonably conceivable state of facts* that could
provide a rational basis for the classification.'"  *United States
v. Ellsworth*, 456 F.3d 1146, 1150 (9th Cir. 2006)(quoting *F.C.C.
v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)(emphasis in

*Ellsworth*)). "A classification . . . cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Armour v. City of Indianapolis*, 132 S. Ct. 2073, 2080 (2012). "[T]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Id.* (quotations omitted).

## B.    Analysis

For the reasons set out by the Court at oral argument and for the reasons set out by Judge Simon in *Gorgatenko*; Judge Owen Panner in *United States v. Garcia-Uribe,* 08-CR-30039-PA; Judge Michael Mosman in *United States v. Heckman*, 10-CR-143-MO, and *United States v. Padilla-Diaz*, 08-CR-126-MO; and Chief Judge Ann Aiken in *United States v. Mahan*, 06-CR-60045-AA, the Court concludes the government has established there is a rational relationship between the disparity of treatment of defendants in § 1B1.10 and a legitimate governmental purpose.  Specifically, the Sentencing Commission found the distinction between departures and variances was "'difficult to apply' and 'prompted litigation.'" *United States v. Gonzalez*, No. 10CR1009- LAB 2015 WL 4760286, at *1 n.1 (S.D. Cal. Aug. 11, 2015)(quoting Notice of Final Action Regarding Amendment to Policy Statement 181.10, 76 Fed. Reg. 41332, 41332, 41334 (July 13, 2011)).  The Commission was also "concerned that retroactively amending the guidelines

11 - AMENDED OPINION AND ORDER

could result in a windfall for defendants who had already received a departure or variance, especially one that took into account the disparity in treatment between powder and crack cocaine." *Davis*, 739 F.3d at 1225. Defendant has not negated "every conceivable basis which might support" the Commission's decision prohibiting reductions below the amended guidelines range except in the case of substantial assistance nor has Defendant established there is not "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Ellsworth*, 456 F.3d at 1150. As the Supreme Court has noted "'equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.' [When] rational basis review applies and 'there are plausible reasons for Congress' action, our inquiry is at an end.'" *Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015)(quoting *FCC*, 508 U.S. at 313-14).

Accordingly, the Court concludes application of § 1B1.10(b)(2)(A) to Defendant does not violate his right to equal protection.

## V.   Constitutional Avoidance

Finally, Defendant asserts the Court does not need to resolve Defendant's equal-protection challenge if it instead applies the doctrine of constitutional avoidance. Defendant asserts he has raised "serious questions" regarding the

12 - AMENDED OPINION AND ORDER

constitutionality of interpreting § 1B1.10 to prohibit
consideration of variances and noncooperation departures and
contends the Court should interpret the policy statement so as to
avoid these constitutional questions.  Specifically, Defendant
asserts under the doctrine of constitutional avoidance the Court
should interpret "amended guidelines range" to include
previously-imposed variances and departures.  The Court, however,
has not found a constitutional violation and does not find under
rational-basis review that there are serious questions regarding
the constitutionality of § 1B1.10 as to it prohibiting
consideration of variances and noncooperation departures.  The
Court, therefore, declines to apply the doctrine of
constitutional avoidance.

     In summary, on this record the Court denies Defendant's
Motion for Reduction of Sentence.

## VI. Certificate of Appealability

     Because the legal issues raised in Defendant's Motion are
not clearly established and because Defendant's arguments have a
possibility for reasonable disagreement, the Court grants
Defendant a certificate of appealability.


                              **CONCLUSION**

     For these reasons, the Court **DENIES** Defendant's Motion
(#154) for Reduction of Sentence Pursuant to 18 U.S.C.

13 - AMENDED OPINION AND ORDER

§ 3582(c) and U.S.S.G. Amendment 782 and **GRANTS** Defendant a

certificate of appealability.

IT IS SO ORDERED.

DATED this 5th day of February, 2016.

ANNA J. BROWN
United States District Judge